UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Kathleen S. Jacob,

Debtor

Chapter 13
Case No. 24-10093

## MEMORANDUM OF DECISION

Only a debtor can commence a chapter 13 case and, once that happens, the debtor cannot be forced to remain in chapter 13 against her will. But, when the debtor wants to exit chapter 13, is she entitled to dismissal or can the case be converted to chapter 7 at the request of a creditor? That is the question posed here. The short answer, in the circumstances presented, is that dismissal with a ban on refiling is warranted.

This case began on May 6, 2024. Several weeks later, the debtor's husband, Bruce Jacob, asked the Court to convert the case to chapter 7 or, alternatively, to grant relief from stay to permit the Maryland state court to determine the equitable allocation of marital assets in a pending divorce action. The Court granted relief from stay to allow the divorce action to proceed, albeit with certain limitations related to the division of marital assets that could implicate property of the bankruptcy estate. The debtor appealed the stay relief order and sought a stay pending appeal. She also objected to Mr. Jacob's claim. Her claim objection was summarily overruled, as was her request for a stay. The appeal was promptly dismissed at her request.

In the meantime, the debtor's efforts to confirm a chapter 13 plan fell short. Confirmation of her plan was denied because it did not comply with multiple provisions of 11

U.S.C. § 1325, including the liquidation test of § 1325(a)(4).  The debtor was given leave to file a modified plan, which she did.  Confirmation of the modified plan was also denied; it suffered from many of the same defects contained in the original plan, including failure to satisfy the liquidation test.

Perhaps sensing the end of the chapter 13 effort, Mr. Jacob renewed his request for an order converting the case to a chapter 7 case, asserting cause to convert under 11 U.S.C. § 1307(c).  The debtor then moved to dismiss her case under 11 U.S.C. § 1307(b).  In his objection to that motion, Mr. Jacob made several arguments.  First, he urged the Court to conclude that whenever cause is established under subsection (c) and conversion is in the best interests of creditors and the estate, there is no right to dismiss under subsection (b).  Second, recognizing that some courts impose "a higher standard" of cause when subsection (b) is invoked, he argued that the higher standard is met here because the debtor had acted in bad faith and abused the process by engaging in a pattern of delay and using the case to thwart him.  Third, Mr. Jacob insisted that if dismissal, rather than conversion, is warranted or required, dismissal should be with prejudice.  For her part, the debtor opposed the motion to convert and asserted that the right to dismiss is absolute.  At a hearing on the competing motions, the debtor consented to dismissal with a ban on refiling measured by the duration of the divorce proceeding.

In his renewed motion to convert, Mr. Jacob has asserted that the indisputable events in the case are sufficient to support the relief that he seeks; he asked for an evidentiary hearing only if the Court determines that relevant factual disputes exist.  Neither party has identified any

disputed material facts. As such, there is no need for an evidentiary hearing.[1]

The parties' dueling motions fall under the umbrella of § 1307. In pertinent part, that statute provides as follows:

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court *shall* dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.
>
> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court *may* convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

11 U.S.C. § 1307(b), (c) (emphasis added). From there, subsection (c) goes on to provide a nonexclusive list of examples of cause. There is no serious dispute that cause exists here.

What should the Court do when faced with a creditor's request to convert under subsection (c) and a later request from the debtor to dismiss under subsection (b)? The First Circuit Court of Appeals has suggested, in dicta, that a bankruptcy court has little, if any, discretion to deny a debtor's motion to dismiss. *See* Marrama v. Citizens Bank of Mass. (In re Marrama), 430 F.3d 474, 478 & n.2 (1st Cir. 2005) (disclaiming "any particular interpretation" of subsection (b) but observing that the statute "demonstrates that Congress well understood how to draft statutory language which left no (or at least considerably less) discretion in the bankruptcy court to deny a chapter 13 debtor's request"), *aff'd* 549 U.S. 365; *see also* Sckolnick

---

[1] In his first motion to convert, Mr. Jacob alleged that the debtor had failed to disclose assets in her schedules and filed her chapter 13 case in bad faith. The debtor denied these allegations. At a hearing on that motion, the debtor requested an evidentiary hearing. The court demurred: stay relief was granted given the undisputed fact that the divorce action had been pending in Maryland for several years and was nearly ready for trial. The renewed motion to convert does not incorporate the factual allegations regarding failure to disclose assets that were included in Mr. Jacob's initial motion to convert. To the extent that his renewed request makes out allegations of bad faith or abuse of process, those allegations rest solely on the undisputed procedural history of this chapter 13 case.

3

v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987) (observing, in dicta, that "chapter 13 proceedings are wholly voluntary, and are subject to dismissal at any time at the debtor's request").[2] Many courts follow this approach, holding that there is no room for discretion when the debtor asks for dismissal because the word "shall" signifies a command. *See, e.g.*, Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols), 10 F.4th 956, 963 (9th Cir. 2021) ("Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever."); Smith v. U.S. Bank, N.A. (In re Smith), 999 F.3d 452, 455 (6th Cir. 2021) ("By its plain terms, [§1307(b)] is mandatory[.]"); Barbieri v. RAJ Acquisition Corp. (In re Barbieri), 199 F.3d 616, 619 (2d Cir. 1999) ("The term 'shall,' as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court."). Other decisions suggest that subsection (b) should be read to provide an absolute right of dismissal to avoid short-circuiting the separate process by which a debtor may be forced into an involuntary chapter 7 case under 11 U.S.C. § 303. *See, e.g.*, In re Patton, 209 B.R. 98, 102 (Bankr. E.D. Tenn. 1997). Some courts in the absolutist camp also look beyond the text and purpose of the statute, discerning in the legislative history the congressional intent to grant a chapter 13 debtor an unqualified right to dismiss. *See, e.g.*, id. at 101 (citing S. Rep. No. 95-989, at 141 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5927).

That said, the absolute view is not uniform. Some courts, reading subsections (b) and (c) together, have held that the latter may condition the former, particularly where the motion to convert is filed first and there is a showing of bad faith, fraud, or abuse of process. *See, e.g.*,

---

[2] However, the Court of Appeals has not squarely decided whether there are any exceptions to the right to dismiss under subsection (b) or otherwise addressed the relationship between subsection (b) and subsection (c).

4

Jacobsen v. Moser (In re Jacobsen), 609 F.3d 647, 660 (5th Cir. 2010) (holding that "a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process and requested dismissal under § 1307(b) in response to the motion to convert"); Molitor v. Eidson (In re Molitor), 76 F.3d 218, 220 (8th Cir. 1996) (declining to permit debtor to use subsection (b) as an "escape hatch" in response to a motion to convert predicated on uncontested allegations of bad faith and concluding that doing so would "render section 1307(c) a dead letter and open up the bankruptcy courts to a myriad of potential abuses").

Mr. Jacob notes that some courts find support for the notion that subsection (c) may sometimes prevail over subsection (b) in the Supreme Court's decision in Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007).  See, e.g., In re Jacobsen, 609 F.3d at 649 (concluding that Marrama compelled the holding that "the right to dismiss under 11 U.S.C. § 1307(b) is subject to a limited exception for bad-faith conduct or abuse of the bankruptcy process").  But Marrama does not support the result that Mr. Jacob seeks here.  In that case, the Supreme Court found a limitation on the conversion right granted by 11 U.S.C. § 706(a) and essentially concluded that "may convert" does not always mean "may convert."  See Marrama, 549 U.S. at 372-73.  That limitation was tethered to other specific statutory provisions – namely, 11 U.S.C. §§ 706(d) and 1307(c) – and supported by the Court's view that conversion would have been futile and inevitably followed by either dismissal or reconversion to chapter 7, given the debtor's bad-faith conduct.  See Marrama, 549 U.S. at 368 & 375 n.11 (declining to articulate a standard of "bad faith" sufficient to permit denial of conversion from chapter 7 but emphasizing that the debtor's conduct must be "atypical" and the case "extraordinary").  Mr. Jacob argues that "shall dismiss" does not always mean "shall dismiss."  But there are no

5

statutory limitations analogous to those discussed in <u>Marrama</u> that expressly limit or qualify the dismissal right granted by § 1307(b).  The remedy requested by the debtor (i.e., dismissal) is not bound to be an exercise in futility, like conversion would have been in <u>Marrama</u>.  Beyond that, the debtor's failure to propose a confirmable plan and the actions she took in the case targeting Mr. Jacob are neither "atypical" nor "extraordinary."  The debtor may not have been a model citizen in chapter 13, but the procedural shortcomings that Mr. Jacob complains about in his renewed motion to convert are not the stuff of bad faith that might justify limiting the right to dismiss under § 1307(b).  *Cf.* <u>In re Jacobsen</u>, 609 F.3d at 662 (affirming order denying debtor's motion to dismiss under subsection (b) and granting competing motion to convert under subsection (c) where debtor attempted to conceal assets from creditors); <u>In re Molitor</u>, 76 F.3d at 219-21 (affirming order granting conversion motion and denying dismissal motion where debtor abused the bankruptcy process by filing serial petitions on the eve of eviction and by misrepresenting his liabilities on his schedules); <u>In re Grigsby</u>, No. 19-10027, 2019 WL 1220930, at *7, *9-10 (Bankr. W.D. La. Mar. 13, 2019) (converting chapter 13 case to chapter 7 and denying competing motion to dismiss where debtors intentionally filed inaccurate schedules and attempted to mislead the court and creditors by proposing a plan hinging on the success of claims that had previously been dismissed).

      Instead, the circumstances in this case warrant dismissal with a ban under 11 U.S.C. § 349(a).  Cause exists to condition dismissal and impose a prohibition on the debtor's commencement of a subsequent case under Title 11, in this jurisdiction or in any other jurisdiction, until March 15, 2027.  While this ban on refiling remains in effect, the Maryland state court may be able to complete the divorce proceeding and allocate the parties' marital property under nonbankruptcy law without the disruption caused by the automatic stay.

6

A separate order will issue.

Date: March 14, 2025

Michael A. Fagone
United States Bankruptcy Judge
District of Maine